**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| DRAPER FRANK WOODYARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIV. A. NO. 26-00028-JB-N |
| | ) | |
| JUDGE HOLLON, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff Draper Frank Woodyard's complaint brought against Judge Hollon, a Foley, Alabama state court judge. (Doc. 1). Read broadly, Woodyard alleges that he served a six-month prison sentence based on "illegal charges" put in place by Judge Hollon, was excessively fined, and was not given credit towards his sentence for the time he served in jail. (Doc. 1).

Because Woodyard is a prisoner seeking relief from a governmental entity or officer, *see* 28 U.S.C. § 1915A, his complaint is subject to screening prior to service. Under § 1915A, a court must review a prisoner's complaint to identify cognizable claims and must dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* at § 1915A(b)(1)-(2). Dismissal for these reasons is mandatory rather than discretionary. A claim is frivolous "when it appears the plaintiff has 'little or no chance of success.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (citation omitted). A court may conclude a claim has little or no chance of success when the claim is "based on an indisputably meritless legal theory," when its "factual contentions are clearly baseless," or when

the defendant is immune from suit. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Here, Judge Hollon is immune from suit, and this action is due to be dismissed.

"In a § 1983 action, a judge is entitled to absolute judicial immunity from damages for those acts taken while he was acting in his judicial capacity unless he "acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 357 (1978) (citation omitted). The scope of a judge's jurisdiction is broadly construed by courts, such that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority[.]" *Id.* at 356. The criteria considered in determining whether a judge was acting in his judicial capacity includes whether the act complained of constituted a normal judicial function; the events occurred in the judge's chambers or in open court; the controversy involved a case pending before the judge; and the confrontation arose immediately out of a visit to the judge in his judicial capacity. *William B. Cashion Nev. Spendthrift Trust. v. Vance*, 552 F. App'x 884, 886 (11th Cir. 2014) (per curiam). Here, the complained of actions were clearly taken in Judge Hollon's judicial capacity as the judge of a criminal proceeding.

Additionally, this action is due to be dismissed pursuant to 28 U.S.C. § 1915(g). This Court has previously recognized that Woodyard qualifies as a "three-striker" who must pay the full filing fee at the time he initiates a "civil action." *See* 28 U.S.C. § 1915(g); *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam). Woodyard did not pay the filing fee when he initiated this case, nor did he file a proper motion to proceed without prepayment of fees. Because Woodyard has previously had three-strikes under § 1915(g), and he did not pay the filing fee when filing this action, his case cannot proceed with this action unless he can show he "is in imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Because Woodyard's complaint allegations relate to past actions, with no suggestion of continuing or future harm,

Plaintiff has failed to demonstrate that he faces imminent danger of physical injury or harm. *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that a prisoner who has filed three or more frivolous lawsuits or appeals and seeks to proceed *in forma pauperis* must present facts sufficient to demonstrate "imminent danger" to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g)). Consequently, Woodyard's complaint should be dismissed pursuant to 28 U.S.C. § 1915(g). *Medberry*, 185 F.3d at 1193 (Plaintiff bears the burden of showing that he was in imminent danger or serious physical injury when he filed his complaint.).

For these reasons, it is **RECOMMENDED** that Plaintiff's complaint be **DISMISSED with prejudice** and without leave to amend,[1] pursuant to 28 U.S.C. § 1915A, as well as 28 U.S.C. § 1915(g).

<u>**NOTICE OF RIGHT TO FILE OBJECTIONS**</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk

---

[1]     The general rule in this circuit for *pro se* plaintiffs, or plaintiffs who do not have an attorney, is that "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) (per curiam), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (en banc) (overruling *Bank*'s one-chance-to-amend rule as to counseled parties). However, "if a more carefully drafted complaint could not state a claim[,]" then "the district court need not dismiss with leave to amend[,]" and "dismissal with prejudice is proper." *Id.* Leave to amend is not proper here because, read as a whole, no set of facts will make Plaintiff's claims actionable against Judge Hollon as the complained of acts are directly connected to state court criminal proceedings that are clearly judicial in nature and entitle Defendant to absolute judicial immunity from suit, and Plaintiff is a "three-striker" under § 1915(g) and cannot met the "imminent danger" exception based on the complaint allegations. Accordingly, leave to amend complaint would be futile.

of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** the **28th** day of **April, 2026**.

**/s/ KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

4